ALBERT E. PEACOCK III, CASB No. 134094
apeacock@peacockpiper.com
SAMANTHA W. MAHONEY, CASB No. 293530
smahoney@peacockpiper.com
PEACOCK PIPER TONG + VOSS LLP
100 W. Broadway, Suite 610
Long Beach, California 90802
Telephone: (562) 320-8880
Facsimile: (562) 735-3950

Attorneys for Plaintiffs
CRYSTAL RIVER CRUISES OPERATIONS COOPERATIEF U.A.
and CRYSTAL DEBUSSY LIMITED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL RIVER CRUISES OPERATIONS COOPERATIEF U.A.; CRYSTAL DEBUSSY LIMITED<br><br>Plaintiffs,<br><br>vs.<br><br>HOWARD NAGELBERG,<br><br>Defendant. | Case No. 2:18-cv-10004<br><br>**COMPLAINT** |

Plaintiff CRYSTAL RIVER CRUISES OPERATIONS COOPERATIEF U.A. and CRYSTAL DEBUSSY LIMITED (Together "Crystal" or "Plaintiff") allege as follows, on information and belief against Defendant HOWARD NAGELBERG ("Defendant" and with Crystal, the "Parties").

- 1 -

COMPLAINT
4816-6801-6513, v. 1

## INTRODUCTION

1. This is an action seeking a judicial declaration against Defendant stating that, pursuant to the terms and conditions of the Cruise Ticket Contract Terms (the "Cruise Ticket") between the Parties, the Strasbourg Convention on the Limitation of Liability of Owners of Inland Navigation Vessels (1988) (the "Strasbourg Convention") applies to limit the liability of Crystal for all personal injuries suffered by Defendant on May 1, 2018, while he was a passenger on Plaintiff's riverboat, the Crystal Debussy (the "Vessel").

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. §1333 because this is a civil admiralty and maritime case involving the interpretation and enforcement of a maritime contract: the Cruise Ticket. To the extent this Court may also have subject matter jurisdiction on other grounds, Plaintiff elects to designate this claim as an admiralty and maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure ("FRCP").

3. This Court also has jurisdiction over this declaratory judgment action pursuant to FRCP 57 and 28 U.S.C. §§ 2201 et seq., which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought" in cases within its jurisdiction.

4. Venue is appropriate in this District pursuant to a forum selection provision contained in the Cruise Ticket between the Parties, which forms the basis for this Complaint. See Exhibit A, Paragraph 21.B.

## PARTIES

5. Plaintiff Crystal River Cruises Operations Cooperatief U.A. is a corporate entity incorporated and with its principal place of business in the Netherlands. It was and is the operator of the Vessel.

COMPLAINT
4816-6801-6513, v. 1

6. Plaintiff Crystal Debussy Limited is incorporated and registered in Malta. It was and is the owner of the Vessel.

7. Defendant is a resident of and is domiciled in Chicago, Illinois.

## FACTUAL ALLEGATIONS

**DEFENDANT BOOKS A RHINE RIVER CRUISE THROUGH CRYSTAL**

8. On September 20, 2017, Defendant and his wife booked a Rhine River cruise aboard the riverboat Crystal Debussy for a cruise set to embark in April of 2018 (the "Cruise").

9. The Cruise was set to begin in Amsterdam, the Netherlands, on April 23, 2018, and end in Basel, Switzerland on May 3, 2018, with stops along the Rhine River in Germany and Switzerland.

10. The Vessel is a 3016-gross ton riverboat that is 443 feet long and 39 feet wide with four decks. She has 53 passenger suites and is certified to carry 130 passengers. The Vessel is flagged in Malta and her home port is Valletta, Malta.

11. On March 13, 2018, the Cruise Ticket and 2018-2019 Terms and Conditions were FedExed to Defendant's travel agent who, in turn, forwarded these documents on the Defendant. A true and correct copy of the Cruise Ticket that was sent to Defendant, through his travel agent, are attached hereto as Exhibit A.

12. These Terms and Conditions were also always available to Defendant on Crystal's website. The terms can easily be accessed at the following web address: http://www.crystalcruises.com/legal/crystal-river-cruises-general-ticket-terms-conditions. The terms can also be easily located through the "Legal" link on Crystal's homepage. Alternatively, the Terms and Conditions can be located by clicking on the magnifying glass in the top right corner of Crystal's homepage and searching "Terms and Conditions."

13. According to the terms of the Cruise Ticket between the Parties, Defendant had until January 22, 2018, to cancel the Cruise without penalty and for a full refund. See Exhibit A, Paragraph 5. Thus, Defendant had over four months to review the Terms

COMPLAINT
4816-6801-6513, v. 1

and Conditions online before incurring any penalty for cancellation. If Defendant cancelled between January 23 and March 8, 2018, he would have lost 20% of the purchase price, and if he cancelled between March 9-23, 2018, he would have lost 50%. Any cancellation on or after March 24, 2018, would result in the full loss of the purchase price. Defendant did not cancel his Cruise at any time after booking it or after receiving the Cruise Ticket.

14. Defendant boarded the Cruise on April 23, 2018, in Amsterdam and was scheduled to finish the Cruise on May 3, 2018, in Basel, Switzerland after travelling on the Rhine River for 10 days.

15. On May 1, 2018, the Vessel arrived in Breisach, Germany on the Rhine River. While attempting to disembark the Vessel and go ashore, Defendant lost his balance and fell overboard, sustaining traumatic brain injuries as a result.

16. On June 8, 2018, Crystal received a letter from the Chicago law firm of Donald A. Shapiro, Ltd. stating that it had been retained to represent Defendant and his wife in their claims against Crystal for Defendant's personal injuries from his May 1, 2018, fall.

17. The parties have a fundamental disagreement on the enforceability of the Strasbourg Convention limitation of liability described in more detail below. As a result, there is an actual case and controversy that must be resolved by the Court.

**THE CRUISE TICKET TERMS AND CONDITIONS AND THE APPLICATION OF THE STRASBOURG CONVENTION**

18. Under United States maritime law and statute, a cruise passenger ticket is a binding maritime contract.

19. The first paragraph of the Cruise Ticket in this case states in all capital letters:

> IMPORTANT NOTICE TO GUESTS: THE FOLLOWING TERMS AND CONDITIONS ARE THE ENTIRE AGREEMENT BETWEEN CRYSTAL CRUISES AND YOU. PLEASE READ THEM CAREFULLY, AS WE ARE BOTH BOUND BY THEM. THESE TERMS AND CONDITIONS ARE SUBJECT TO CHANGE WITH OR WITHOUT NOTICE. THIS IS A CONTRACT

> WHICH AFFECTS YOUR LEGAL RIGHTS, PARTICULARLY SECTION 13 GOVERNING THE PROVISION OF MEDICAL SERVICES, SECTIONS 7, 11, 12, 17, 18, 20, AND 21 LIMITING CRYSTAL'S LIABILITY FOR YOUR DEATH, ILLNESS, INJURY, OR DAMAGE CLAIMS RELATING TO BAGGAGE OR PERSONAL PROPERTY, LIMITING YOUR RIGHT TO SUE, AND REQUIRING ARBITRATION FOR CERTAIN CLAIMS AND WAIVER OF JURY TRIAL.

See Exhibit A.

20. Paragraph 18 of the Cruise Ticket is specifically referenced above and states that for Rhine River cruises, Crystal's liability for its passengers' personal injury or death is limited by the Strasbourg Convention. Specifically, Paragraph 18 states:

> **18. Liability Limitation for Loss of Life or Injury:**
> …
> B) For cruises on the Rhine and its adjacent rivers, Crystal Cruises shall be entitled to any and all liability limitations, immunities and rights applicable to it for …death, illness and/or personal injury as provided under the Strasbourg Convention on the Limitation of Liability of Owners of Inland Navigation Vessels, (1988) ("CNLI"). The CLNI limits Crystal Cruises liability to 60,000 Units of Account or Special Drawing Rights, "SDR's" as defined by the International Monetary Fund (approximately $82,500 U.S. Dollars, which fluctuates depending on a daily exchange rate as published in the International Monetary Fund at http://www.imf.org/external/np/fin/data/rms_sdrv.aspx) multiplied by the number of Guests the Ship according to its certificate is allowed to carry, not to exceed in any event more than 12 million Units of Account to apply to the aggregate of all claims arising against Crystal Cruises out of an occurrence.

21. As of November 16, 2018, 1 SDR = $1.382320 USD. As a result, 60,000 SDR's = $82,939.20. The Vessel is certified to carry up to 130 passengers. As a result, Crystal's maximum liability to Defendant under the Strasbourg Convention is $10,782,096 USD (130 x $82,939.20).

///

22. Prior to the Cruise, Defendant had been a practicing real estate attorney in Chicago for over 45 years. As a result, he was familiar with contracts and the binding nature of their terms and conditions.

23. Defendant also had ample time to review the Cruise Ticket and familiarize himself with its terms either through the paper copy delivered to his travel agent on March 13, 2018, or the online version of the terms, which were always available on Crystal's website.

## FIRST CAUSE OF ACTION

(For Declaratory Relief against Defendant)

24. Crystal restates, re-alleges, and incorporates by reference its allegations from Paragraphs 1 – 23 as though set forth in full herein.

25. An actual controversy has arisen and now exists between Crystal and Defendant regarding the enforceability of the Cruise Ticket's application of the Strasbourg Convention to limit Crystal's liability. Crystal contends that, under the terms of the Cruise Ticket and applicable law, the Strasbourg Convention applies to limit Crystal's liability to Defendant for his alleged injuries sustained while on board the Vessel to approximately $10.8 million USD.

26. Defendant disputes the application of the Strasbourg Convention to his claims.

27. Crystal desires a judicial determination and declaration of the Parties' respective rights, duties, and obligations under the Cruise Ticket with respect to these issues. Such a declaration is necessary and appropriate at this time so that Crystal may ascertain its duties with respect to Defendant's potential claims and the payment of any damages, judgment or other awards that may be recovered against it as a result of Defendant's May 1, 2018, fall.

///

///

WHEREFORE, Crystal prays for judgment against Defendant as follows:

1. An order declaring and adjudging in Crystal's favor that the Strasbourg Convention applies to limit Crystal's liability for any damages sustained by Defendant as a result of his May 1, 2018 fall;

2. An order awarding Crystal its costs of suit; and

3. An order awarding Crystal such other relief as the Court deems equitable and just.

DATED: November 29, 2018

/s/ Albert E. Peacock III
ALBERT E. PEACOCK III.
SAMANTHA W. MAHONEY
PEACOCK PIPER TONG + VOSS, LLP
Attorneys for Plaintiffs
CRYSTAL RIVER CRUISES
OPERATIONS COOPERATIEF U.A.
and CRYSTAL DEBUSSY LIMITED

COMPLAINT
4816-6801-6513, v. 1